■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX DEJESUS, Appellant. [708 NYS2d 860] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered on or about November 23, 1998, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.

■ TIMOTHY BEST, Appellant, v SAMJO REALTY CORP., Respondent. [709 NYS2d 508] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered July 13, 1999, which, in an action for wrongful eviction, granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Giving plaintiff's allegations every favorable intendment, his occupancy of the subject apartment was pursuant to a license that terminated along with his admittedly at-will employment as a porter in defendant's building. Accordingly, plaintiff's occupancy of the apartment could be terminated without a notice to quit (RPAPL 713 [11]), and indeed without any legal process whatsoever "so long as it [was] done without violence" (*P & A Bros. v City of N. Y. Dept. of Parks & Recreation*, 184 AD2d 267, 269). No claim of violence is made here, plaintiff having left his apartment voluntarily. We have considered plaintiff's other arguments and find them to be without merit. Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.